IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEE MAYHEW            )
                      )
       v.             )     NO. 3:07-0129
                      )
BRIAN GARDNER[1]      )

TO: Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

By Order entered January 30, 2007 (Docket Entry No. 2), the Court referred this action to the Magistrate Judge for decision on all non-dispositive motions, Report and Recommendation on all dispositive motions, and for pre-trial management of the case under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the defendant's motion to dismiss and for summary judgment (Docket Entry No. 15), to which the plaintiff has not filed a response.[2]

---

[1] The plaintiff also named John Ferguson as a defendant to the action. By the Order of referral entered January 30, 2007 (Docket Entry No. 2), Ferguson was dismissed and the action was permitted to proceed against only Brian Gardner.

[2] By Order entered May 3, 2007 (Docket Entry No. 19), the plaintiff was notified of the motion and the need to respond. The Clerk attempted to send a copy of the Order to the Plaintiff at the MDCDF but the copy was returned as undeliverable. See Docket Entry Nos. 20-21.
On February 5, 2007, the plaintiff filed a notice of change of address to the Davidson County Criminal Justice Center ("CJC") (Docket Entry No. 4). He did not file a subsequent notice of change of address in this case. However, on March 3, 2007, he filed a change of address, in two other cases, advising that he was no longer "at MDCDF anymore" and was at the "Sheriff's Department." He listed an address of 5113 Harding Place, Nashville, TN 37211 (which differed from his original MDCDF address of 5115 Harding Place). See Docket Entry No. 4 in case 3-07-MC-0023. As a result of that notice of change of address, his address in this case was changed to 5113 Harding Place, and all orders have been mailed to him at that address since that time. The defendant sent his pending motion to the plaintiff at the CJC since the defendant's counsel did not

For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

The plaintiff filed this action pro se and in forma pauperis while an inmate at the Metro-Davidson County Detention Facility ("MDCDF"). He asserted claims under 42 U.S.C. § 1983 and also refers to the Americans with Disabilities Act ("ADA"). He seeks compensatory, nominal, and punitive damages based upon allegations that he suffered mistreatment while confined at the MDCDF beginning on October 31, 2006. Specifically, he alleges that he was placed in administrative segregation because he suffers from a mental disorder and that he was kept in administrative segregation as punishment and as retaliation for filing grievances. Although he alleges that his conditions of confinement were degrading and excessively restrictive, he does not allege any particulars about the living conditions in administrative segregation.

Process was ordered to issue to a single defendant -- MDCDF Warden Brian Gardner. In the January 30, 2007, Order, the Court specifically directed Defendant Gardner to address whether the plaintiff has exhausted his administrative remedies. In lieu of an answer, defendant Gardner filed the pending dispositive motion.

## II. MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

The defendant contends that he is entitled to dismissal of the plaintiff's claims against him. He asserts that the plaintiff failed to exhaust his available administrative remedies prior to filing the instant action as required under 42 U.S.C. § 1997e(a). The defendant further argues that any claims

---

receive notice that he was no longer at the CJC. The record does not indicate whether the copy of the defendants's motion was returned to defendant's counsel.

for emotional and mental damages cannot stand because the plaintiff has not shown that he suffered a physical injury. In support of his motion, the defendant relies on the affidavit of Susan Poindexter, the Manager, Operations Finance at the MDCDF. See Docket Entry No. 18.

### III. STANDARD OF REVIEW

The defendant filed his motion as a motion to dismiss and for summary judgment under both Rule 12 and Rule 56 of the Federal Rules of Civil Procedure. The defendant's motion is supported by evidence outside the pleadings in the form of the affidavit of Susan Poindexter and attached exhibits. The Court shall not exclude this evidence in its review of the motion and, in accordance with Rule 12(b), shall consider the motion solely as a motion for summary judgment in accordance with Rule 56.

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To prevail, the moving party must meet the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Logan v. Denny's, Inc., 259 F.3d 558, 566 (6th Cir. 2001).

In determining whether the moving party has met its burden, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 80 L.Ed.2d 538 (1986); McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). "The court's function is not to weigh the evidence and determine the truth of the matters asserted, 'but to determine whether there is a genuine issue for trial.'" Little Caesar Enters., Inc. v. OPPCO, LLC,

3

219 F.3d 547, 551 (6th Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed. 2d 201 (1986)).

If the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which he has the burden, however, the moving party is entitled to summary judgment as a matter of law. See Williams v. Ford Motor Co., 187 F.3d 533, 537-38 (6th Cir. 1999). To preclude summary judgment, the nonmoving party "must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Shah v. Racetrac Petroleum Co., 338 F.3d 557, 566 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252). If the evidence offered by the nonmoving party is "merely colorable," or "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. Anderson, 477 U.S. at 249-52. "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." Hill v. White, 190 F.3d 427, 430 (6th Cir. 1999) (citing Anderson, 477 U.S. at 247-49).

## IV. CONCLUSIONS

This action warrants dismissal in its entirety because the plaintiff has failed to show that he satisfied the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997. The PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

4

42 U.S.C. § 1997e(a). A prisoner is required to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of Section 1997e(a) is mandatory, Jones v. Bock, _ U.S. _, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the ... remedy sought is not an available remedy in the administrative process." Wyatt v. Leonard, 193 F.3d 876, 877-78 (6th Cir. 1999).

Failure to exhaust is an affirmative defense that must be raised by the defendants. Jones, supra. Once raised by the defendants, the plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. To establish that he has exhausted his administrative remedies, the plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003). A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." Wright v. Morris, 111 F.3d 414, 417 n.3 (6th Cir.), cert. denied, 522 U.S. 906, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997). See also Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). A prisoner may not abandon the process before completion and then claim that he exhausted his remedies or that it is now futile for him to do so. See Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999)(citing Wright, 111 F.3d at 417 n.3).

The defendant acknowledges that the plaintiff filed several grievances while at the MDCDF, see Docket Entry Nos. 17-1 and 18-1, but asserts that only one grievance pertained to the subject matter of this lawsuit. This grievance, filed on January 3, 2007, consisted of the plaintiff's complaint about what he viewed as his wrongful confinement in segregation. See Docket Entry No. 17-3, Exhibit C to Docket Entry No. 17. The grievance documents show that the grievance officer

5

issued a decision on the grievance indicating that the unit manager had spoken to the plaintiff and that the grievance was resolved. The defendant contends that the plaintiff failed to appeal the grievance to the next administrative level and therefore failed to fully exhaust his administrative remedies. See Defendants Memorandum in Support (Docket Entry No. 16) at 2-4. The plaintiff has not rebutted this showing by setting forth evidence explaining his failure to fully pursue the prison grievance or by otherwise showing that he has, in fact, complied with the requirement of exhaustion.

Because the Court finds that the plaintiff has not shown compliance with the exhaustion requirement of 42 U.S.C. § 1997e(a), the Court does not address the defendant's alternative argument for partial dismissal based upon the lack of a showing of physical injury.[3]

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the defendant's motion to dismiss and for summary judgment (Docket Entry No. 15) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE for failure to exhaust.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

---

[3] It further appears that the plaintiff has lost interest in prosecuting this lawsuit and has not notified the Court of his current address. However, the defendant does not seek dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the Court has not considered those grounds herein.

Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).[4]

                Respectfully submitted,

                *Juliet Griffin*
                JULIET GRIFFIN
                United States Magistrate Judge

---

[4] The Clerk is directed to send a copy of this Report and Recommendation to the plaintiff at: (1) 5113 Harding Place, Nashville, TN 37211; (2) 5115 Harding Place, Nashville, TN 37211; and (3) Criminal Justice Center, 448 Second Avenue North, Nashville TN 37201.

7